The opinion of the court was delivered by

Mr. Justice Johnson.

In the consideration of this, case, it will not be contravert-ed that an indictment will lie for an assault committed on a ministerial officer, in the discharge of the duties of his office. The only thing to be determined is the abstract proposition, whether an indictment will op will not lie for rescuing goods taken in execution by the proper officer, under legal process.
The general rule ivhich it is supposed embraces this question, is that the obstruction of the execution of lawful process is an offence against public justice of a very high and presump-tious nature, and as such, is punishable by indictment. 4tha, Black. Com. 128.
This principle includes a numerous class of cases,amongst which the most prominent, and those by which its ap«-plication to the present cases are best illustrated, are those of. rescuing goods destrained for rent and pound breach Bacon’s abr. tit. rescue, A. The reason why this mode of proceeding was allowed in those cases obviously is, that before the' stat.2dW.SiM. chap. 5. the party injured could not maintain an-action against the wrong doer, nor could he proceed in the collection of his rent without the possession of the goods; and thus a proceeding authorised by law was- holy frustrated: and *415 :it appears to the that the principle rests solely oh thé foundation that the act done was of'such a nature as arrested justice in its progress, short of the end in view — the determination of the rights of the parties.
If we extend this principle beyond its legitimate bounds, we shall encounter one of equal authority and still more universal in its application.' The proceeding by indictment was only constructed for the purpose of punishing public of-fences, and never can be applied to the redress of private injuries; aiid it will only be necessary further to enquire whether the act complained of in this prosecution, belongs to the first or the last of these.
If a sheriff take gpods in executioii; they are, eo instantv, vested in him, and he may maintain trespass or trover for them; and he is liable to the party at whose suit they are taken for their value; Bacon, Abr. Tit. rescue, A: the party injured has an action agairst the wrong-doer;
The only conclusion which can be drawn from this authority is, that when the execution has been levied, it is functus of-ficio. It has placed in the hands of the sheriff and invested him with a property in the goods, and has answered all the purposes for which it was intended. A trespass committed upon jt was therefore a private injury, and consequently an indictment will not lie.
A strong, if not conclusive argument in favor of this view,; -may I think be drawn from the fact, that none of the books contain a precedent of an .indictment for rescuing goods taken int execution. It will scarcely be insisted that if the common law authorised this mode of proceeding, it would have slumbered .for so many ages.
The cases referred to and those to be found in the books# generally relate to the sheriff exclusively; but they apply with equal force to a constable when acting within his legitimate sphere. Motion granted,
Colcock, Gantt, and Huger, Justices, Concurred,